UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARNELL M. DUKES, JR.,

        Plaintiff,

   v.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES, et al.,

        Defendants.

No.  2:16-cv-2307 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

I.  Application to Proceed in Forma Pauperis

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  However, the court will not assess a filing fee at this time.  Instead, the undersigned summarily dismisses the complaint.

////

////

1

II. <u>Screening</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (<u>quoting</u> <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the pleading in the light most

1   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

2   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

4   (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that

5   the alleged deprivation was committed by a person acting under the color of state law.  West v.

6   Atkins, 487 U.S. 42, 48 (1988).

7   III.  Complaint

8        Plaintiff alleges that the California Correctional Health Care Services ("CCHCS") and the

9   California Department of Corrections and Rehabilitation ("CDCR") breached the confidentiality

10   of his personal information, medical and mental health records when an unencrypted laptop was

11   stolen from CCHCS workforce member's personal vehicle on February 25, 2016.  Plaintiff

12   alleges that his doctor client privilege and health information privacy rights have been violated by

13   CCHCS' "malpractice, negligence of professional duty, carelessness and mishandling" of his

14   records.  (ECF No. 8 at 3.)  Plaintiff alleges that the CDCR violated his confidence and trust in

15   doctor-client confidentiality and violated HIPAA.[1]  Plaintiff alleges the People of the State of

16   California are also responsible for these violations "due to their superior involvement."  (ECF No.

17   8 at 3.)  Plaintiff claims he is now exposed to potential identity theft and potential fraud.  Plaintiff

18   seeks money damages.

19   IV.  Named Defendants

20        Plaintiff failed to name a proper defendant.  State agencies, such as CDCR and CCHCS,

21   are immune from suit under the Eleventh Amendment.  See Will v. Michigan Dep't of State

22   Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

23   curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and

24   injunctive relief were barred by Eleventh Amendment immunity);  Pennhurst State Sch. & Hosp.

25   v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state

26   agencies); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment

27

28   _____

     [1]  Health Insurance Portability and Accountability Act of 1996.

1    does not bar suits against state officials sued in their individual capacities, nor does it bar suits for

2    prospective injunctive relief against state officials sued in their official capacities).

3         Plaintiff names the People of the State of California ("People") as a defendant.  Plaintiff

4    alleges that the People are responsible for all of the alleged violations "due to their superior

5    involvement."  (ECF No. 8 at 3, 4, 5.)  It is unclear what plaintiff means by "superior

6    involvement."   In any event, the People of the State of California are not a proper defendant.

7         In the caption and the defendants' section of his amended complaint, plaintiff also names

8    "Corrections Corporation" as a defendant.  (ECF No. 8 at 1.)  He refers to this fourth defendant as

9    "overseer."  (ECF No. 8 at 2.)  However, plaintiff includes no charging allegations as to such

10   defendant, and refers to three, not four, defendants throughout his complaint.  But to the extent

11   "overseer" equates to supervisor, there is no respondeat superior liability in § 1983 actions.

12   Supervisory personnel are generally not liable under § 1983 for the actions of their employees

13   under a theory of respondeat superior and, therefore, when a named defendant holds a

14   supervisorial position, the causal link between him and the claimed constitutional violation must

15   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability

16   where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th

17   Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442

18   U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official

19   personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266,

20   268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is

21   insufficient).

22        Thus, plaintiff fails to name proper defendants.  However, assuming that plaintiff could

23   substitute appropriate individuals as defendants, the speculative allegations of the complaint still

24   fail to establish that plaintiff has standing because he cannot show an injury-in-fact.

25   V.  Standing

26        Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and

27   "Controversies." U.S. Const. art. III, § 2.  Plaintiff is required to establish standing for each claim

28   he asserts.  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006).  If a plaintiff has no

4

1  standing, the court has no subject matter jurisdiction.  Nat'l Wildlife Fed'n v. Adams, 629 F.2d

2  587, 593 n.11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to]

3  address the standing issue to determine if we have jurisdiction.").

4       "'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish

5  that [he has] standing to sue.'"  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013)

6  (quoting Raines v. Byrd, 521 U.S. 811, 818(1997)).  To satisfy Article III standing, plaintiff must

7  have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete

8  and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there

9  must be a causal connection between the injury and the conduct complained of -- the injury has to

10  be fairly traceable to the challenged action of the defendant, and not the result of the independent

11  action of some third party not before the court.  Lujan v. Defenders of Wildlife, 504 U.S. 555,

12  560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

13       "HIPAA itself does not provide for a private right of action."  Webb v. Smart Document

14  Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually

15  Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at

16  45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

17  Thus, plaintiff's first cause of action under HIPAA must be dismissed.

18       While potential future harm can in some instances confer standing, plaintiff must face "a

19  credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."

20  Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation

21  marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to

22  contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to

23  confer standing, but that "more conjectural or hypothetical" allegations would make threat "far

24  less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and

25  actual or imminent.") (citation and internal quotation marks omitted).  Plaintiff's allegations are

26  based upon "potential identity theft," or "potential fraud."  Plaintiff identifies no concrete injury;

27  even if there is sensitive information in the laptop, the scope of the information is not within

28  plaintiff's personal knowledge, and is therefore unknown.  In other words, whether plaintiff's

5

1    sensitive information has been compromised is unknown.  Plaintiff cannot state a claim for relief

2    based upon the speculative breach of his sensitive information.  Thus, his claim for violation of

3    his constitutional right to informational privacy is dismissed without prejudice for lack of

4    standing.  See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006)

5    (dismissal for lack of standing is without prejudice).

6    VI.   Potential Eighth Amendment Claim

7         To the extent plaintiff alleges an Eighth Amendment violation of the doctor-patient

8    privilege or his health information privacy rights through "malpractice, negligence, carelessness

9    or mishandling of his medical records," such claim sounds in negligence.  Mere 'indifference,'

10   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

11   Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Thus, plaintiff

12   cannot amend his pleading to raise such Eighth Amendment claim.

13   VII.   State Law Claims

14        To the extent that plaintiff alleges violations of California's privacy laws, such state laws

15   do not provide a basis for federal jurisdiction.  Galen v. County of Los Angeles, 477 F.3d 652,

16   662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law,

17   not state law.").  Because plaintiff lacks standing to pursue claims under federal law, this court

18   declines to exercise supplemental jurisdiction over plaintiff's putative state law claims.[2]

19   Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated

20   before trial, district courts should usually decline to exercise supplemental jurisdiction).

21   VIII.   No Leave to Amend

22        If the court finds that a complaint should be dismissed for failure to state a claim, the court

23   has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-

24   30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the

25   defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see

26   also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

27

28   _____

[2]  The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

1  leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

2  clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.

3  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear

4  that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.

5  Cato, 70 F.3d at 1005-06.

6         The undersigned finds that, as set forth above, plaintiff lacks standing and that amendment

7  would be futile because plaintiff's allegations are based only on speculative injury that is not real

8  or immediate.  Because plaintiff lacks standing to pursue his federal claims, the court declines to

9  exercise supplemental jurisdiction over any state law claims and dismisses the complaint in its

10 entirety.

11 IX.  Conclusion

12         The complaint is dismissed without prejudice because the facts show, at most, that

13 plaintiff's sensitive information might have been stolen.  Thus, plaintiff's injury is too speculative

14 to support a claim.  Because plaintiff's federal claims are dismissed, the court also declines to

15 exercise supplemental jurisdiction over plaintiff's state law claims.

16         IT IS HEREBY ORDERED that:

17         1.  Plaintiff's request to proceed in forma pauperis is granted; and

18         2.  This action is dismissed without prejudice.

19 Dated:  December 1, 2016

20

21                                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE
22

23 duke2307.dis

24

25

26

27

28

7